

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
~~XXXXXXXXXX~~
ATTORNEY GENERAL

Honorable George B. Butler, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:                              Opinion No. O-7004

Re:   Interpretation of Sec. 2, of
Art. 5068-3, Vernon's Annotated
Civil Statutes.

        We have received your requests for our opinion on the hereinabove captioned matter, and we quote from your first request as follows:

        "Under the provisions of Article 5068-3, Section 2, after the mortuary funds of the assessment association have become the property of the corporation reinsuring the membership of such association, may such funds be lawfully disbursed by the reinsuring corporation for all of the following purposes:

        "1.  for payment of valid claims outstanding and arising thereafter from policies issued by the legal reserve company to the members of the assessment association,

        "2.  to set up the legal reserve on new policies issued by the legal reserve company to the members of the assessment association,

        "3.  and to pay their actuarial portion of such mortuary fund to members of such association who refuse to accept the new policies offered them, and who make request therefor within sixty (60) days from the date of reinsurance?

        "If your answer to the preceding inquiry is in the affirmative, may the Board of Insurance Commissioners lawfully refuse to approve a proposed plan and agreement on the sole ground that such proposed plan and agreement provides that the mortuary funds belonging to the association may be disbursed for all of the three purposes specified in the preceding

inquiry and compel said association and reinsuring corporation to agree that the mortuary funds shall be disbursed for only one or two and not all of such specified purposes or for some other or different purpose before the Board will give its approval as provided in said Statute."

Sec. 2, Art. 5068-3, V.A.C.S., reads as follows:

"The sums of any mortuary funds belonging to such association shall thereafter be effectually the property of such organized and converted corporation or corporation reinsuring the membership of such association, but may be disbursed for payment of valid claims outstanding and arising thereafter from policies issued by the legal reserve company to the members of the assessment association under the approved agreement; to set up the legal reserve on new policies issued by the legal reserve company to the members of the assessment association under said agreement; and to pay their acturial portion of such mortuary fund to members of such association who refuse to accept the new policies offered them, and who make request therefor within sixty (60) days from the date of conversion or reinsurance."

It will be observed that the provisions of Section 2 are plain and unambiguous and where a statute, civil or criminal, is expressed in plain and unambiguous language and its meaning is clear and obvious, there is no room for construction. Gaddy vs. First National Bank, Beaumont, 283 S.W. 472; Sparks vs. State, 174 S.W. 351.

We therefore answer your first question in the affirmative.

In connection with your second question, we call your attention to the case of the Board of Insurance Commissioners of Texas vs. Guardian Life Ins. Co. of Texas, et al, 180 S.W. (2d) 906, wherein the Supreme Court of Texas said:

"Articles 4688 and 4744 are the only ones pertinent to the question in issue and unless they confer upon the board the authority to issue the above order it must be conceded that no such authority exists. The board can exercise only such authority as is conferred upon it by law in clear and unmistakable terms and the same will not be construed as being conferred by implication.

Humble Oil & Refining Co. v. Railroad Commission
of Texas, Tex. Sup., 128 S.W. 2d 9; Commercial
Standard Ins. Co. v. Board of Insur. Comm'rs of
Texas, Tex. Civ. App., 34 S.W. 2d 343, writ refused."

We may apply the above statement of the court to the
instant case in the following manner: Section 2 of Art. 5068-3
is the only one pertinent to the question in issue and unless
it confers upon the board the authority to issue the above order
it must be conceded that no such authority exists. Your re-
quest plainly states that the "proposed plan and agreement
provides that the mortuary funds belonging to the association
may be disbursed for all of the three purposes", as provided
in Sec. 2, supra, and you are desirous of knowing whether the
Board of Insurance Commissioners can lawfully refuse to approve
the proposed plan because said board is insisting that the re-
insurance corporation agree that the mortuary funds will only
be disbursed for one or two of the above enumerated purposes,
or for some other or different purpose. The law is well settled
that the Board of Insurance Commissioners "can exercise only
such authority as is conferred upon it by law in clear and un-
mistakable terms and the same will not be construed as being
conferred by implication." We can find no authority for the
Insurance Board to compel the reinsuring corporation to agree
that the mortuary funds belonging to the association will only
be disbursed for one or two of the purposes enumerated in Sec.
2, or for some other or different purpose, and in view of the
foregoing authorities your second question is answered in the
negative.

In view of our answers to your inquiries in the first
opinion request, we do not deem it necessary to answer your
second request.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By s/J.C. Davis, Jr.
J.C. Davis, Jr.
Assistant

JCD:LJ:wc

APPROVED DEC. 20, 1945
s/Grover Sellers
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman